989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean Z. ZHOU, Plaintiff-Appellant,
v.
GENERAL MOTORS RESEARCH, Defendant-Appellee.
 No. 92-2033.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1993.
 
 Before MERRITT, Chief Judge and NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Jean Z. Zhou, a pro se litigant, appeals from the grant of summary judgment to the defendant in this case filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Zhou filed a pro se complaint in the district court, but counsel was subsequently appointed for her. Her complaint alleged unlawful discharge because of her gender and national origin. Defendant moved for summary judgment pursuant to Fed.R.Civ.P. 56. In response, counsel for Zhou sent a letter to the magistrate judge indicating his decision not to file a response to the motion for summary judgment as he felt that any response would be frivolous and would possibly subject him to sanctions pursuant to Fed.R.Civ.P. 11 and/or pursuant to 42 U.S.C. § 1988. The magistrate judge's report recommended that defendant's motion be granted. No objections were filed. The district judge entered an opinion and order adopting the recommendation of the magistrate judge and granting summary judgment for the defendant. On appeal, Zhou does not specifically address those issues and facts that she felt the district court wrongly decided. Zhou merely indicates that the district court failed to consider important grounds for relief, that the district court applied the wrong law, and that there are other reasons that the district court's judgment was wrong. In support, Zhou raises a number of new issues and allegations of fact that were not presented to the district court.
 
 
 3
 Defendant's brief raises a number of issues. First, defendant argues that Zhou waived her right to appeal when she failed to object to the magistrate judge's report and recommendation. Second, defendant contends that Zhou's appeal should be dismissed because her brief is not supported by any facts from the record below or any legal authority. Third, defendant states that summary judgment was proper because Zhou did not establish a prima facie case of violation of Title VII, because defendant had articulated a legitimate, nondiscriminatory basis for Zhou's discharge, and because Zhou failed to create a genuine issue of material fact. Fourth, defendant requests sanctions pursuant to Fed.R.App.P. 38.
 
 
 4
 The rule requiring objections to a magistrate judge's report and recommendation "is a procedural rule made pursuant to the court's supervisory powers. It plainly is not a jurisdictional rule; the court of appeals retains subject matter jurisdiction over the appeal regardless of the untimely filing or nonfiling of objections." Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), amended, 1987 U.S.App. LEXIS 8000 (6th Cir.1987). In the interests of justice, the court may excuse Zhou's failure to file objections. Id. Under the circumstances of this case, we choose to excuse Zhou's failure to file objections.
 
 
 5
 The granting of a motion for summary judgment is reviewed de novo. Brooks v. American Broadcasting Co., 932 F.2d 495, 500 (6th Cir.1991). Upon de novo review, we hold that summary judgment was appropriate. Defendant's motion for summary judgment clearly articulated a legitimate, nondiscriminatory reason for Zhou's discharge. Further, that reason was supported by substantial documentation as to this issue. Zhou failed to create a genuine issue of material fact. Moreover, those facts and issues alleged for the first time on appeal will not be addressed by this court as they were not presented to the lower court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976).
 
 
 6
 Pursuant to Fed.R.App.P. 38, sanctions in the form of just damages and single or double costs may be awarded to the appellee where it is determined that the appeal is frivolous. In the exercise of our discretion, we decline to award sanctions here. Accordingly, the order of the district court is affirmed, the defendant's request for sanctions is denied, Zhou's request for appointment of counsel is denied, and her request to proceed in forma pauperis is granted. Rule 9(b)(3), Rules of the Sixth Circuit.